IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

WILLIAM D. MALLON, JR.,

      Plaintiff

CIVIL NO. 3:11CV242

CHASE BANK, USA, N.A.,

    SERVE: Secretary of Commonwealth
            1111 East Broad Street, 4th Floor
            Richmond, VA 23219

      Defendant.

## COMPLAINT

COMES NOW the Plaintiff, **WILLIAM D. MALLON, JR.**, (hereafter collectively the "Plaintiff") by counsel, and for his complaint against the Defendant, alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. §1681 et seq. (Federal Fair Credit Reporting Act).

### JURISDICTION

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681p and 28 U.S.C. §1331. Venue is proper as all relevant events occurred in this District

### PARTIES

3. The Plaintiff is a natural person and resident of the State of Virginia. He is a "consumer" as defined by 15 U.S.C. §1681a(c).

4. Upon information and belief, **CHASE BANK, USA, N.A.** ("*Chase*") is a foreign corporation doing business in the State of Virginia and is a "furnisher" and user of consumer reports as defined and governed by the Fair Credit Reporting Act.

1

## FACTS

5. On or about February 21, 2007 the *Plaintiff* filed his Voluntary Petition for Chapter 7 bankruptcy relief with the United States Bankruptcy Court, Eastern District of Virginia. Included in the bankruptcy filing was a credit card account with Chase Bank, USA.

6. On or about May 3, 2007, *Plaintiff* filed with the Bankruptcy court a Reaffirmation Agreement with Chase Bank, USA, NA for repayment of a portion of the credit card debt that he owed to Chase.

7. By signing the Reaffirmation Agreement with Chase Bank, USA, NA, the Plaintiff agreed to be personally liable for the debt and that the debt would not be discharged in his bankruptcy.

8. On or about April 16, 2009 *Mallon* received a letter that his Reaffirmation Agreement balance had been paid in full.

9. On or about April 2009, *Mallon* obtained a copy of his credit reports from the national consumer reporting agencies and learned the Chase account was reporting as included in bankruptcy.

10. Plaintiff contacted Chase via telephone and was informed by a account manager that Chase does not reaffirm accounts.

11. The *Chase* Reporting was false. The Plaintiff reaffirmed the debt through the bankruptcy court, made all of the required payments as agreed on the account and thus the account was not discharged in his bankruptcy.

12. Beginning in April 2009 and then on occasions thereafter, Plaintiff disputed the inaccurate information concerning the *Chase* account with the national consumer reporting

agencies. Plaintiff advised that the account had been reaffirmed through the bankruptcy. (the "*Chase* Reporting")

13. Upon information and belief, Plaintiff alleges that on one or more occasions the national consumer reporting agencies forwarded Plaintiff's disputes to *Chase*. Upon information and belief, *Chase* was provided notice of Plaintiff's disputes and despite this notice, failed and refused to investigate and correct it's inaccurate reporting.

## COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681s-2(b) (1)(A)

14. Plaintiff realleges and incorporates paragraphs 1 through 13 above as if fully set out herein.

15. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, *Chase* violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(1)(A) by failing to fully and properly investigate the Plaintiff's disputes of the *Chase* reporting.

16. As a result of this conduct, action and inaction of *Chase*, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

17. *Chase*'s conduct, actions and inactions was willful, rendering *Chase* liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, *Chase* was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

18. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys fees from *Chase* in an amount to be determined by the Court pursuant to 15 U.S.C. §§1681n and 1681o.

## COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681s-2(b) (1)(B)

19. Plaintiff realleges and incorporates paragraphs 1 through 18 above as if fully set out herein.

20. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, *Chase* violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

21. As a result of this conduct, actions and inactions of *Chase* the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

22. *Chase*'s conduct, actions and inactions were willful, rendering *Chase* liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, *Chase* was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

23. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Chase* in an amount to be determined by the Court pursuant to 15 U.S.C. §§1681n and 1681o.

## COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681s-2(b) (1)(C) and (D)

24. Plaintiff realleges and incorporates paragraphs 1 through 23 above as if fully set out herein.

25. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, *Chase* violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2b(1)(C) and (D) by publishing the *Chase* reporting within Plaintiff's credit files with the national consumer reporting agencies in response to Plaintiff's disputes without also including a notation that this debt was disputed and by failing to correctly report results of an accurate investigation to each other credit reporting agency.

26. As a result of this conduct, actions and inactions of *Chase*, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

27. *Chase*'s conduct, actions and inactions were willful, rendering *Chase* liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, *Chase* was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

28. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys fees from *Chase* in an amount to be determined by the Court pursuant to 15 U.S.C. §§1681n and 1681o.

WHEREFORE, Your Plaintiff demands judgment for actual, statutory and punitive damages against Defendant; for his attorneys fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable and proper.

TRIAL BY JURY IS DEMANDED.

WILLIAM D. MALLON, JR.,

By_____
Of Counsel

LEONARD A. BENNETT, VSB #37523
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
(757) 930-3660
(757) 930-3662 facsimile
lenbennett@clalegal.com